**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C. R. Bard, Inc., | No. CV-21-00284-PHX-DGC |
|       Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Atrium Medical Corporation, | |
|       Defendant/Counterclaimant. | |

The Court held a discovery conference call with the parties on July 6, 2022. Following the conference, counsel for Bard provided the Court with the written discovery requests discussed during the hearing.  The Court enters the following rulings:

1.      Bard's RFP #17:  Atrium will not be required to provide the documents sought in this request.  Bard can make arguments about the effect of § 3.2(A) of the License Agreement from the contents of the agreement.  Whether or not Atrium actually sought FDA approval, and the nature and extent of those efforts, are only marginally relevant and would require document production disproportionate to this issue – an issue which Bard seeks to raise in response to Atrium's patent misuse argument.

2.      Bard's RFP #12:  Atrium shall produce all documents called for by this request.   Counsel for Atrium indicated during the hearing that they are producing responsive documents and have no objection to the request.

3.      Bard's RFP #16:  Atrium shall produce all non-privileged documents called for by this request.  Atrium did not dispute the relevancy of these documents during the

hearing, but noted that some documents responsive to this request will be subject to the attorney-client privilege or work-product protection.  If Atrium withholds any documents on either of these grounds, they shall produce a privilege log at the time they produce responsive documents.  *See* Fed.R.Civ.P.26(b)(5).

4.      Bard's RFA #4:  The Court concludes that Atrium's current admission is appropriate, but Atrium shall re-file the admission and specifically identify the employee who possessed the knowledge Atrium is admitting.  Rule 36(a)(4) provides that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Fed.R.Civ.P.36(a)(4).  Atrium's re-filed response will comply with this language.

5.      Bard's RFA #12:  Atrium's counsel indicated during the hearing that Atrium's CEO knew about the lawsuit during the time in question.  Atrium shall re-file its response to this RFA and specifically identify the CEO who possessed this knowledge during the time in question.  With this clarification, the Court deems Atrium's response sufficient.

6.      The additional responses called for by this order shall be provided within 20 calendar days of this order.

7.      During the conference call, the Court declined to hold that Atrium's subpoenas to BPV and Bard's parent corporation are untimely.  The Court stated that these entities could respond within 30 days of receiving the subpoenas.

Dated this 7th day of July, 2022.

David G. Campbell
Senior United States District Judge